Martin F. Casey
Christopher M. Scheirloh
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ZURICH INSURANCE COMPANY a/s/o
ADIDAS GROUP,

        Plaintiff,

    - against -

CROWLEY LATIN AMERICA SERVICES,
LLC,

        Defendant.
---------------------------------------------------------------x

JUDGE RAKOFF

11 CIV. 1662

**COMPLAINT**



RECEIVED
MAR 10 2011
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiff, ZURICH INSURANCE COMPANY a/s/o ADIDAS GROUP, by and through its attorneys, CASEY & BARNETT, LLC, as and for its Complaint, alleges upon information and belief as follows:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

      2.    At all material times, ZURICH INSURANCE COMPANY (hereinafter "Zurich" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 1400 American Lane Schaumburg, Illinois 60196, and was the subrogated underwriter of a consignment of men's clothing laden on board the M/V PEGASUS J, as more specifically described below.

3.  At all material times, ADIDAS GROUP (hereinafter "Adidas") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 6887 W 359 N Bld. 105, Greenfield, Indiana 46140 and was the owner, consignee and/or assured of a consignment of men's clothing laden on board the M/V PEGASUS J, as more specifically described below.

4.  At all material times, defendant, CROWLEY LATIN AMERICA SERVICES, LLC (hereinafter "Crowley") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 9487 Regency Square Blvd., Jacksonville, Florida 32225, who owns, operates, manages and/or charters ocean-going vessels, including the M/V PEGASUS J, that operates between various foreign and domestic ports and, in particular, within this district and was the owner, owner *pro hac vice*, charterer, manager and/or operator of the M/V PEGASUS J, and at all relevant times, was and is doing business within the jurisdiction of this Honorable Court.

5.  Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

6.  On or about September 11, 2010, a consignment, consisting of 451 boxes of men's clothing laden into container numbers CMCU4552050 (hereinafter the "Container"), then being in good order and condition, was delivered to the M/V PEGASUS J and Crowley and/or their agents at Tegucugalpa, Honduras for transportation to Greenfield, Indiana via the port of Gulfport, Mississippi in consideration of an agreed upon freight, pursuant to Crowley bill of lading number SPSN0M019140 dated September 11, 2010.

7. Thereafter, the aforementioned consignment was loaded aboard the M/V PEGASUS J, Crowley bill of lading number SPSN0M019140 was issued and the vessel sailed for its intended destination.

8. The consignment was discharged at the port of Gulfport, Mississippi, where Crowley and/or its agents received and accepted the Container into their care, custody and control in good order and condition, to transport the cargo to Greenfield, Indiana.

9. While en route from Gulfport, Mississippi to Greenfield, Indiana, it was discovered that the consignment was not in the same good order and condition as when received by the defendant, but instead had mysteriously disappeared during transit. The consignment was never delivered to the consignee and its whereabouts remain unknown.

10. As a result of the damages sustained to the shipment, Adidas sustained a loss.

11. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and breach of bailment on the part of the defendant.

12. At all times relevant hereto, a contract of insurance for property damage was in effect between Adidas and Zurich, which provided coverage for, among other things, loss or damage to the consignment.

13. Pursuant to the aforementioned contract of insurance between Adidas and Zurich, monies have been expended on behalf of Adidas to the detriment of Zurich due to the damages sustained during transit.

14. As Zurich has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Zurich has an equitable right of subrogation and is

subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages against the defendant.

15. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $150,000.00.

**WHEREFORE,** Plaintiff prays:

1. The Court order, adjudge and decree that defendant, CROWLEY LATIN AMERICA SERVICES, LLC, be found liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs and;

2. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       March 10, 2011
       337-02

                                  **CASEY & BARNETT, LLC**
                                  Attorneys for Plaintiff

By: _____
     Martin F. Casey
     Christopher M. Schierloh
     65 West 36th Street, 9th Floor
     New York, New York 10018
     (212) 286-0225